IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY BUCKNER,

                          Petitioner,

v.

BRIAN FOSTER,

                          Respondent.

OPINION and ORDER

19-cv-675-jdp

---

Gregory Buckner, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a revocation of his extended supervision by the Wisconsin Department of Corrections on October 3, 2018. Buckner contends that the revocation was unconstitutional because his term of extended supervision had expired at the time of revocation. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." As explained below, I will dismiss Buckner's petition because he failed to exhaust his state court remedies and the time to do so has now expired.

ANALYSIS

A state prisoner seeking habeas relief from a federal court must first "exhaust[ ] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This means that a state prisoner must present his claims through a complete round of state-court review. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Lemons v. O'Sullivan*, 54 F.3d 357, 360 (7th Cir. 1995). In Wisconsin, supervision decisions by the

Department of Corrections may be challenged and reviewed through the Department's administrative procedures, and then by a state trial court by means of a writ of certiorari filed within 45 days of the Department's decision. *Bartus v. Wisconsin Dep't of Health & Soc. Servs., Div. of Corr.*, 176 Wis. 2d 1063, 1078, 501 N.W.2d 419, 426 (1993); Wis. Stat. §§ 301.048(3)(d) and 893.735. If the writ of certiorari is unsuccessful, the petitioner must appeal the circuit court's decision to the Wisconsin Court of Appeals and Wisconsin Supreme Court. *Sanders v. Paquin*, 09-cv-472-bbc, 2009 WL 2450362, at *4 (W.D. Wis. Aug. 7, 2009) (describing state-court review procedures for challenging probation revocation).

Buckner states in his petition that he tried to appeal the revocation decision, but he did not know how to do it. He also states that he did not seek review of the October 2018 revocation decision by any Wisconsin state court. My review of Wisconsin's online court records confirms that Buckner did not file a writ of certiorari or any appeals to the Wisconsin Court of Appeals or Wisconsin Supreme Court. Therefore, I assume that Buckner's statement that he tried to appeal means that he filed an unsuccessful administrative appeal of the revocation decision. But because Buckner never sought review in the state courts, he has not exhausted his state-court remedies.

Buckner's 45-day deadline for filing a writ of certiorari challenging the revocation decision expired several months ago. Because Buckner missed the 45-day deadline, it is now too late for him to exhaust his state-court remedies. This means that his claims are procedurally barred under state law. The doctrine of "procedural default" prohibits federal courts from reviewing habeas claims if the petitioner's claims are procedurally barred under state law. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (petitioner procedural defaults on claim if "the claim was not presented to the state courts and it is clear that those courts would

now hold that the claim procedurally barred"). Because Buckner's claims are procedurally barred, this court cannot review his federal habeas claims.

In very rare circumstances, a federal court may excuse a petitioner's procedural default, but those circumstances are not present here. Buckner would have to show cause and prejudice for his failure to exhaust his claims, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000), or show that dismissal would result in a fundamental miscarriage of justice. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). To meet the "cause" exception to procedural default, Buckner must show that there was "some objective factor external to the defense" that prevented him from pursuing his claim in state court. *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003). Buckner says he did not seek review in state court because he did not understand the proper process for doing so. But "it is well established in this Circuit that circumstances such as youth, lack of education, and illiteracy are not external impediments within the context of excusing procedural default." *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003). Buckner's ignorance of proper appeal procedures does not excuse his procedural default.

As for the miscarriage-of-justice exception, this exception contemplates criminal proceedings rather than revocation proceedings. The exception usually requires a showing that it is more likely than not that a jury could not have convicted the petitioner in light of new evidence. *Schlup*, 513 U.S. at 315; *Jones v. Calloway*, 842 F.3d 454, 461 (7th Cir. 2016). Assuming that the exception could apply to a revocation proceeding, Buckner has not shown that, in light of new evidence, it is more likely than not that his probation would not have been revoked. He says that Wisconsin should not have revoked his extended supervision because his extended supervision had expired prior to the revocation. But he does not say that he has any new evidence that was not available or presented during the revocation proceedings.

3

Accordingly, the miscarriage of justice exception does not excuse Buckner's procedural default. Bucker's petition must be dismissed.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. It is clear that Buckner's claims are barred by the doctrine of procedural default. Reasonable jurists would not debate whether Buckner is entitled to relief under § 2254. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that petitioner Gregory Buckner's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED under the doctrine of procedural default. Buckner is DENIED a certificate of appealability. He may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered September 25, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge